IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EMMANUEL JOHN,<br><br>    Defendant. | 8:19-CR-119<br><br>ORDER |

    This matter is before the Court on the defendant's objection (filing 78) to General Order 2020-08 (and by extension, General Order 2020-04) continuing jury trials in the District through June 1, 2020. The defendant's objection will be overruled.

    The Court's findings in General Order 2020-04 remain as pertinent—in fact, even more pertinent—now as when they were initially made. The President has declared a national emergency under the National Emergencies Act, 50 U.S.C. § 1601 *et seq.*, with respect to the COVID-19 pandemic. Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020). The Governor of Nebraska has declared an emergency in the entire State of Nebraska pursuant to Neb. Rev. Stat. § 81-829.40. Proclamation (March 13, 2020). There is established and substantial community spread of the novel coronavirus in the District, and present public health guidelines suggest a 10-person limit on public gatherings. Nebraska Department of Health and Human Services, *COVID-19 State Overview*, http://dhhs.ne.gov/Pages/COVID-19-State-Overview.aspx (last visited April 20, 2020).[1]

---

[1] The Court recognizes that it is not legally bound by that limitation. But it would not be consistent with the Court's duties to ignore the advice of public health officials.

As explained in General Order 2020-04, under present conditions, the Court questions whether it *could* summon a venire willing and able to try a case to submission—and the Court has no questions about whether it should. The requirements of jury selection and deliberation, at this time, pose risks to the health of the jurors and trial participants that the Court is unwilling to take. Just as importantly—perhaps more importantly—a fair trial depends on the jurors *feeling* that their safety is assured. It is not hard to imagine, right now, that a juror who felt endangered by continued deliberation might also feel pressured to reach a verdict despite doubts about the evidence, or that a juror who was uncomfortable with the environment in the courtroom might not be able to give his or her full attention to the proceedings.

But all of that is easy. The most difficult issue for the Court—and for the state and nation—is knowing when the crisis has passed (or at least has passed enough for risks to have been sufficiently mitigated) and to know what activities are prudent to undertake and which must still be deferred for a limited period of time. But while jury trials are among the most important functions of the Court, they are likely to be among the difficult to resume, precisely because of how a jury is drawn together and practically functions.

At this point, the University of Nebraska Medical Center projects that Nebraska's COVID-19 peak will occur at the end of April, which tells the Court that while the rate of infection may be falling in May, it will not have fallen to acceptable levels until *at least* the end of the month. *See* University of Nebraska Medical Center, *COVID 19: Preparing for the Peak*, (April 15, 2020), https://youtu.be/jVmc4LlJoCs?t=54. Nor is it practical (or consistent with the ends of justice) to make such decisions on a day-to-day or even week-to-week basis, given the need to plan for counsel and Court staff to be present, jurors to be called, and witnesses and evidence to be presented.

Accordingly, as the Court has already found, the ends of justice are served by continuing jury proceedings through at least June 1, 2020, and those ends outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

IT IS ORDERED that the defendant's objection (filing 78) is overruled.

Dated this 20th day of April, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge